Milton W. AINGS *v.* Virginia Lee GIBSON

80-269                                      613 S.W. 2d 87

Supreme Court of Arkansas
Opinion delivered February 23, 1981
[Rehearing denied April 13, 1981]

*Lookadoo, Gooch & Ashby* and *Lane, Muse, Arman & Pullen*, by: *Richard S. Muse*, for appellant.

*Clark & Miller, Ltd.*, by: *Michael R. Jones*, for appellee.

PER CURIAM. Our Rule 9 (b) provides that a statement of the case should be made at the beginning of the abstract. The statement should ordinarily not be more than two pages in length.

Our Rule 9 (d) provides that appellant's abstract of the record should consist of an impartial condensation of such material parts of the record as are necessary to an understanding of all questions presented to this court for decision.

In the present case the statement was seven pages in length. The appeal was from an order of the trial court refusing to grant a new trial. The order or judgment was not abstracted nor were any of the pleadings. Therefore, we must affirm the judgment of the trial court for the reason that appellant has failed to comply with Rule 9.

Affirmed.

JOHN I. PURTLE, Justice, dissenting on denial of rehearing.

JOHN I. PURTLE, Justice, dissenting. I would grant the petition for rehearing and decide the case on its merits. I agree that we were too harsh in treating this case under Rule 9(d), especially in view of the fact that appellant was not given an opportunity to remedy the insufficiency as provided by Rule 9(e)(2).

I was able to understand the essential parts of the record and the facts in this case. There is no question in my mind that had we reached the case on its merits we would have had no choice other than to affirm the trial court. There was a substantial recovery, and it was a matter solely within the province of the jury to decide. Neither lawyers nor judges have the authority to overrule a jury where it has properly considered and decided the facts of a case.

Therefore, I would issue a substituted opinion for the per curiam and would affirm the judgment of the trial court on its merits.